MICHAEL W. MALTER, #96533
JULIE H. ROME-BANKS, #142364
DAVID B. RAO, #103147
Binder & Malter, LLP
2775 Park Avenue
Santa Clara, CA 95050
Telephone: (408)295-1700
Facsimile: (408) 295-1531
Email: michael@bindermalter.com
Email: julie@bindermalter.com
Email: david@bindermalter.com

Attorneys for Secured Creditor
Thomas P. Tuttle and Catherine M. Tuttle,
Trustees of The Tuttle 2000 Living Trust
dated 11/22/00

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

| | |
|---|---|
| In re: | Case No. 17-52444-SLJ |
| VICTOR BATINOVICH, | Chapter 11 |
| | Date: January 10, 2018 |
| | Time: 10:30 a.m. |
| Debtor. | Courtroom: 3099 |

### DECLARATION OF JULIE H. ROME-BANKS IN SUPPORT OF LIMITED OPPOSITION TO MOTION TO DISMISS CHAPTER 11 CASE

I, Julie H. Rome-Banks, hereby declare:

1.     I am an attorney licensed to practice by the State of California and admitted to practice before the above-entitled Court. I am a partner with Binder & Malter LLP, attorney for Secured Creditor Thomas P. Tuttle and Catherine M. Tuttle, Trustees of The Tuttle 2000 Living Trust dated 11/22/00 ("Tuttle") in the within action and I make this Declaration on behalf of my client.

2.     I have personal knowledge of the matters contained herein, except as to those matters alleged upon information and belief and as to those matters If called upon as a witness, I would testify to the following.

3. By way of background, this is the second bankruptcy case that the Debtor has filed. The first bankruptcy case was filed by the Debtor under chapter 13 as Case #17-52027, which was filed on August 23, 2017 and dismissed on September 21, 2017 due to the Debtor's failure to file required schedules, statement of financial affairs and other required pleadings after having received an order at the Debtor's request extending the deadline for filing such documents from the Court (in Case #17-52027, see docket #8, Order on Request For Extension to File Documents and docket #14, Order and Notice of Dismissal for Failure to Comply, copies of which are attached hereto as Exhibits "A" and "B" respectively and incorporated herein by reference). Accordingly, this second individual bankruptcy case is presumed to be filed in bad faith and the Debtor bears the burden of proof to rebut such presumption by clear and convincing evidence if the Court was to extend the automatic stay beyond the 30 day period provided by statute.

4. This second bankruptcy case was filed under chapter 11 on October 5, 2017. The Debtor attempted in this second bankruptcy case to extend the automatic stay beyond the 30 day period provided in 11 U.S.C. §362(a)(3) by filing a motion which Tuttle opposed. However, the Debtor did not timely file his motion to extend the automatic stay, did not set that motion to extend the automatic stay for a hearing and as a result the automatic stay terminated as a matter of law on November 4, 2017. The Debtor then sought a temporary restraining order or to reimpose the automatic stay against Tuttle by filing an Adversary Proceeding (Adversary Proceeding No. 17-5088) on November 6, 2017, however relief therein was summarily denied by the Court by written order entered on November 7, 2017. True and correct copies of Tuttle's opposition to the Debtor's motion to extend the automatic stay and the Court's order denying relief in the Debtor's adversary proceeding are attached hereto as Exhibits "C" and "D" respectively and are incorporated herein by reference.

5. Finally free of the automatic stay in this second bankruptcy case, the

foreclosing trustee was scheduled to conduct a trustee's foreclosure sale on November 9, 2017 on behalf of Tuttle. However, on November 8, 2017, the wife of the Debtor, Ann Batinovich, filed a chapter 13 petition in this Court which is currently pending as case #17-52709-SLJ. Said petition was filed on behalf of Ann Batinovich as a skeleton filing without schedules or a statement of financial affairs and without a proposed chapter 13 plan. None of these required pleadings has been filed by Ann Batinovich as of the date of the filing of this Limited Opposition. In addition, no notice of the Ann Batinovich bankruptcy case was provided prior to the trustee's foreclosure sale. The voluntary petition by Ann Batinovich failed to include Tuttle as a creditor for purposes of receiving notice, nor did it include Tuttle's bankruptcy counsel of record who had previously appeared in the two bankruptcy cases involving the Debtor herein. Tuttle only became aware of the Ann Batinovich bankruptcy case out of an abundance of caution on my part because I anticipated a possible bankruptcy filing by Ann Batinovich following the events described above regarding the termination of the automatic stay in this the Second Victor Batinovich Case. Therefore I was routinely checking the PACER electronic docket before Tuttle conducted his scheduled trustee's foreclosure sale scheduled for November 9, 2017 at 10:00 a.m. At approximately 8:40 a.m. on November 9, 2017, I discovered the Ann Batinovich bankruptcy case had been filed by searching for her name on PACER and as a result, instructed the foreclosing trustee to continue a foreclosure sale which would have otherwise occurred due to lack of notice of the bankruptcy case to Tuttle or to the foreclosing trustee under Tuttle's junior deed of trust described below. Notably, every time Tuttle must continue the foreclosure sale due to a bankruptcy case being filed, Tuttle incurs additional foreclosure fees.

6. The Debtor herein argues in support of dismissal that the purpose for going forward with a Chapter 11 Plan and Disclosure Statement was to "mainly reorganize his debt and retain his residence." Debtor contends that since he is no longer protected by the automatic stay, Chapter 11 is of no assistance to him and

therefore he wants to dismiss this chapter 11 case.   The Debtor's declaration offering the only evidence in support of his dismissal motion is remarkably short in this regard.

Executed on December 13, 2017 at Santa Clara, California.  I declare under penalty of perjury that the foregoing is true and correct.

/s/ Julie H. Rome-Banks
Julie H. Rome-Banks