MICHAEL W. MALTER, #96533
JULIE H. ROME-BANKS, #142364
DAVID B. RAO, #103147
Binder & Malter, LLP
2775 Park Avenue
Santa Clara, CA 95050
Telephone: (408)295-1700
Facsimile: (408) 295-1531
Email: michael@bindermalter.com
Email: julie@bindermalter.com
Email: david@bindermalter.com

Attorneys for Secured Creditor
Thomas P. Tuttle and Catherine M. Tuttle,
Trustees of The Tuttle 2000 Living Trust
dated 11/22/00

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

In re:

VICTOR BATINOVICH,

Debtor.

Case No. 17-52444-SLJ

Chapter 11

Date: January 10, 2018
Time: 10:30 a.m.
Courtroom: 3099

**AMENDED LIMITED OPPOSITION TO MOTION TO DISMISS CHAPTER 11 CASE**

    Comes now Secured Creditor Thomas P. Tuttle and Catherine M. Tuttle, Trustees of The Tuttle 2000 Living Trust dated 11/22/00 ("Tuttle") and files this limited opposition to the Debtor's motion to dismiss chapter 11 case:

    1.    By way of background, this is the second bankruptcy case that the Debtor has filed. The first bankruptcy case was filed by the Debtor under chapter 13 as Case #17-52027, which was filed on August 23, 2017 and dismissed on September 21, 2017 due to the Debtor's failure to file required schedules, statement of financial affairs and other required pleadings after having received an order at the Debtor's request extending the deadline for filing such documents from the Court (in Case #17-52027, see docket #8, Order on Request For Extension to File Documents and docket #14, Order and Notice of Dismissal for Failure to Comply, copies of which are attached to

AMENDED LIMITED OPPOSITION TO MOTION TO DISMISS CHAPTER 11 CASE     PAGE 1

the Declaration of Julie Rome-Banks filed concurrently herewith as Exhibits "A" and "B" respectively and incorporated herein by reference). Accordingly, this second individual bankruptcy case is presumed to be filed in bad faith and the Debtor bears the burden of proof to rebut such presumption by clear and convincing evidence if the Court was to extend the automatic stay beyond the 30 day period provided by statute.

2. This second bankruptcy case was filed under chapter 11 on October 5, 2017. The Debtor attempted in this second bankruptcy case to extend the automatic stay beyond the 30 day period provided in 11 U.S.C. §362(a)(3) by filing a motion which Tuttle opposed. However, the Debtor did not timely file his motion to extend the automatic stay, did not set that motion to extend the automatic stay for a hearing and as a result the automatic stay terminated as a matter of law on November 4, 2017. The Debtor then sought a temporary restraining order or to reimpose the automatic stay against Tuttle by filing an Adversary Proceeding (Adversary Proceeding No. 17-5088) on November 6, 2017, however relief therein was summarily denied by the Court by written order entered on November 7, 2017. True and correct copies of Tuttle's opposition to the Debtor's motion to extend the automatic stay and the Court's order denying relief in the Debtor's adversary proceeding are attached as Exhibits "C" and "D" respectively to the Declaration of Julie Rome-Banks and are incorporated herein by reference.

3. Finally free of the automatic stay in this second bankruptcy case, the foreclosing trustee was scheduled to conduct a trustee's foreclosure sale on November 9, 2017 on behalf of Tuttle. However, on November 8, 2017, the wife of the Debtor, Ann Batinovich, filed a chapter 13 petition in this Court which is currently pending as case #17-52709-SLJ. Said petition was filed on behalf of Ann Batinovich as a skeleton filing without schedules or a statement of financial affairs and without a proposed chapter 13 plan. None of these required pleadings has been filed by Ann Batinovich as of the date of the filing of this Limited Opposition. In addition, no notice of the Ann Batinovich bankruptcy case was provided prior to the trustee's foreclosure sale. The voluntary

petition by Ann Batinovich failed to include Tuttle as a creditor for purposes of receiving notice, nor did it include Tuttle's bankruptcy counsel of record who had previously appeared in the two bankruptcy cases involving the Debtor herein. Tuttle only became aware of the Ann Batinovich bankruptcy case out of an abundance of caution on the part of his bankruptcy counsel who had anticipated a possible bankruptcy filing by Ann Batinovich following the events described above regarding the termination of the automatic stay in this the Second Victor Batinovich Case. Therefore Attorney Rome-Banks was routinely checking the PACER electronic docket before Tuttle conducted his scheduled trustee's foreclosure sale scheduled for November 9, 2017 at 10:00 a.m. At approximately 8:40 a.m. on November 9, 2017, counsel for Tuttle discovered the Ann Batinovich bankruptcy case had been filed by searching for her name on PACER and as a result, instructed the foreclosing trustee to continue a foreclosure sale which would have otherwise occurred due to lack of notice of the bankruptcy case to Tuttle or to the foreclosing trustee under Tuttle's junior deed of trust described below. Notably, every time Tuttle must continue the foreclosure sale due to a bankruptcy case being filed, Tuttle incurs additional foreclosure fees.

4. The Debtor herein argues in support of dismissal that the purpose for going forward with a Chapter 11 Plan and Disclosure Statement was to "mainly reorganize his debt and retain his residence." Debtor contends that since he is no longer protected by the automatic stay, Chapter 11 is of no assistance to him and therefore he wants to dismiss this chapter 11 case. The Debtor's declaration offering the only evidence in support of his dismissal motion is remarkably short in this regard.

5. While it may be true that dismissal of this bankruptcy case is in the best interest of creditors, it cannot be fairly said that the Debtor is no longer protected by the automatic stay even if this case is dismissed. Rather, the Debtor is receiving a direct benefit by the automatic stay as a result of the latest bankruptcy petition filed by his wife, Ann Batinovich, which was filed on November 8, 2017.

6. The multiple, successive bankruptcy cases filed by the Debtor and his

wife are exactly the type of bad faith filings that Congress had in mind when it amended the Bankruptcy Code in 2005 to add the provisions of 11 U.S.C. §362(c)(3) and (c)(4). When considering dismissal under 11 U.S.C. §349(a) in contrast to relief from stay, the Court in its discretion may consider precluding additional filings in such circumstances. This includes consideration for the totality of the circumstances, including the debtor's history of prior bankruptcy filings, whether there were misrepresentations made, whether the debtor intended to defeat state court litigation or stop a foreclosure sale, or whether other egregious behavior is present. See generally, In re Van Ness, 399 B.R. 897 (Bkrtcy. E.D. Cal. 2009). In addition, when considering a request for dismissal, the Bankruptcy Code states that:

> "Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title any time in the preceding 180 days if - (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title."

11 U.S.C. §109(g).

7. The first case of the Debtor was dismissed due to failure to comply with an order of the Court; an order which the Debtor specifically requested. Tuttle therefore contends that the Debtor's failure to comply with said order in the first bankruptcy case was willful because the Debtor made a decision to not comply with that order and allowed his first bankruptcy case to be dismissed.

8. In this second bankruptcy case of the Debtor, Tuttle did not need to seek relief from stay because the automatic stay terminated as a matter of law 30 days after the voluntary petition was filed[1]. Notwithstanding, when considering the Debtor's

---

[1] It was also unclear to Tuttle whether or not the Debtor was going to file bankruptcy schedules or a statement of financial affairs in this second bankruptcy case as a result of the Debtor seeking an extension of time to do so given the fact that the Debtor had followed a similar pattern of conduct in his first bankruptcy case. Tuttle therefore opposed that requested extension. Debtor's counsel then filed a supplemental declaration and the Court ruled on the matter without a hearing (see docket #21). The Debtor eventually filed his bankruptcy schedules and statement of

motion to dismiss under Section 349(a), the Court may "order otherwise", which has been interpreted to mean that the Court may dismiss a case with prejudice for cause. <u>Arneson v. Farmers Ins. Exchange</u>, 2005 Bankr. LEXIS 3416, (9th Cir. BAP 2005). Thus, imposing a filing bar of 180 days, or even more when appropriate, is an appropriate order for the Court to make when considering a request for dismissal by an individual debtor.

9. While the facts in this case may not be as egregious as others that have come before courts in the Ninth Circuit in considering a refiling bar, the fact that the Debtor and his wife have engaged in multiple, sequential filings is a notable fact that the Court should consider in imposing a bar on future filings by the Debtor, as is the failure to provide notice to Tuttle of the most recent bankruptcy case by Ann Batinovich and the fact that the multiple filings by husband and wife have increased the foreclosure fees of Tuttle. See <u>In re Craighead</u>, 377 B.R. 648 (Bkrtcy. N.D. Cal. 2007, J. Weissbrodt) (3 year bar on refiling imposed); <u>In re Sosa</u>, 2017 Bankr. LEXIS 189 (Bkrtcy. C.D. Cal. 2017) (1 year bar on refiling). Tuttle contends that a 180-day bar is the minimum that the Court should impose in granting the requested dismissal of the Debtor. However due to the facts presented by the cases of the Debtor, including the dismissal of the Debtor's first case due to willfully disregarding an order of the Court, and the subsequent bankruptcy filing by Ann Batinovich, an appropriate filing bar should be 1 year.

Wherefore, Tuttle prays as set forth herein and for such other and further relief as the Court deems just and proper.

Dated: December 13, 2017　　　　　　　　　BINDER & MALTER LLP

　　　　　　　　　　　　　　　　　　　　　By /s/ <u>Julie H. Rome-Banks</u>
　　　　　　　　　　　　　　　　　　　　　　 Julie H. Rome-Banks
　　　　　　　　　　　　　　　　　　　　　　 Attorneys for Secured Creditor

---

financial affairs on October 26, 2017, some 21 days after his skeleton chapter 11 petition was filed.